**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000940**
**21-MAY-2015**
**08:34 AM**

NO. CAAP-14-0000940

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ELIZABETH C. HOPKINS, Plaintiff-Appellant, v.
MACY'S WEST STORES, INC., Defendant-Appellee,
and DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-0275-01 KTN)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant Elizabeth C. Hopkins (**Hopkins**) appeals from the Order Granting Defendant Macy's West Stores, Inc.'s Motion to Compel Arbitration and Stay Lawsuit (**Order Compelling Arbitration**), entered on June 18, 2014, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, Hopkins raises two points of error, contending that the Circuit Court erred in compelling arbitration and in finding that an arbitration agreement existed between Hopkins and her former employer, Defendant-Appellee Macy's West Stores, Inc. (**Macy's West**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hopkins's points of error as follows:

---

[1] The Honorable Karen T. Nakasone presided.

It is undisputed that Hopkins's claims are employment related, that her claims fall within the scope of the subject arbitration agreement, and that she is a party to that agreement. Hopkins argues, however, that Macy's West is not entitled to enforce the arbitration agreement because Macy's West is a subsidiary of Macy's Retail Holding, Inc. (**Macy's Retail**), rather than Macy's, Inc. It is also undisputed that Macy's West is a wholly-owned subsidiary of Macy's Retail, which is a wholly-owned subsidiary of Macy's, Inc., which was formerly named Federated Department Stores, Inc.

We conclude that Hopkins's argument is without merit. The subject arbitration agreement expressly provides, *inter alia*, that "Federated" "means any division or subsidiary or operating unit or entity related to Federated Department Stores, Inc.," *i.e.*, Macy's, Inc. In light of the express language of the agreement to arbitrate, as well as all of the supporting circumstances, information, and documents provided to Hopkins in conjunction with her agreement to arbitrate all employment-related disputes, including an option to opt out of arbitration which she did not exercise, we reject Hopkins's narrow construction that excludes Macy's West because it is a second-tier subsidiary, rather than a direct subsidiary. See, e.g., AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986) (under the Federal Arbitration Act,[2] state and federal courts may not deny arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute").

---

[2] The subject arbitration agreement includes an express provision that the Federal Arbitration Act applies.

Accordingly, the Circuit Court's June 18, 2014 Order Compelling Arbitration is affirmed.

DATED: Honolulu, Hawai'i, May 21, 2015.

On the briefs:

Scot Stuart Brower
for Plaintiff-Appellant

John L. Knorek
Joseph A. Ernst
(Torkildson, Katz, Moore,
 Hetherington & Harris)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge